# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES L. THOMPSON,   CV F   04 6755 REC SMS P

      Plaintiff,

  v.   ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.1)

REYNOSO, et. al.,

      Defendants.
_____/

    James L. Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 27, 2004.

**A. SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff provides a detailed narrative of the facts forming the basis of his Complaint. However, because Plaintiff details every minute instance of contact or conduct by at least twenty individuals, the Court is able only to determine that the instant action arises from facts which Plaintiff alleges constitute excessive force.  Because the Complaint is lengthy, someone illegible and very, very detailed, the Court will provide Plaintiff with the relevant law, or at least the law believed to be relevant, so that he may amend his complaint to cure the deficiencies outlined below.

C. CLAIMS FOR RELIEF

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

2

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Here, Plaintiff has named twenty (20) Defendants and, as noted above, provides a detailed narrative of every event surrounding the alleged excessive force. However, Plaintiff has failed to link numerous Defendants to an act or omission giving rise to a constitutional violation. It is insufficient to state that Plaintiff "believes" someone is involved in "excessive force." Plaintiff must state specifically what each individual did and how that constituted the constitutional violation.

### 2. Rule 8(a)

A Complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, the court finds that Plaintiff's Complaint is so lengthy and unorganized that it is not sufficient to put Defendants on notice as to which of their actions violated Plaintiff's rights. The Court will provide Plaintiff with what may or may not be relevant legal authority to assist Plaintiff in formulating his claims below. Plaintiff's pleading should be short and to the point, containing only those facts necessary to state one or more claims against each Defendant. Plaintiff's pleading should not contain legal arguments, citations to legal authority, or *unnecessary background information.* The function of the complaint is to place Defendants on notice as to Plaintiff's claims. It is not the function of the Complaint to list every single fact relating to Plaintiff's claims and it is not the function of the Complaint to include all of the

evidence in Plaintiff's possession that he intends to use to support his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

### 3. Excessive Force

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (*citing* Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (*cert. denied sub nom.* Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

### 4. Property Deprivation

The Court notes that Plaintiff makes passing reference to loss of property.

The United States Supreme Court has held that "[a]n unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Therefore, plaintiff's allegation that defendants unlawfully seized and "deliberately [stole]" his thirty photographs does not give rise to a claim for relief under the Due Process Clause of the Fourteenth Amendment. (Complaint, §§ IV, V.)

### 5. *Due Process - Rules Violation Report*

Plaintiff also appears to be challenging the issuance of a Rules Violation Report.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Where a protectable liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell,

418 U.S. 539, 556 (1974).

### 6. Supervisory Liability

The Court notes that Plaintiff has named persons who may be supervisors at the institution or within the Department of Corrections.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### 7. Inmate Appeals

The Court notes that Plaintiff has named individuals as they are involved in the inmate appeals process.

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez

v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

**D. CONCLUSION**

The Court finds that the instant Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). **The Amended Complaint must specifically list each constitutional violation and state how each Defendant is involved.** Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.[1] As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each

---

[1] Plaintiff should also refrain from "incorporating by reference" every fact previously alleged and pertaining to every Defendant named. Plaintiff should be brief and yet specific as to each Defendant, the acts or omissions giving rise to a violation and how that violated his rights.

claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

    The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 11, 2006**                              **/s/ Sandra M. Snyder**
icido3                                                          UNITED STATES MAGISTRATE JUDGE

8