# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON, | 1:04-cv-06755-LJO-SMS (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS UNCOGNIZABLE CLAIMS AND TO ALLOW SERVICE ON COGNIZABLE CLAIMS. |
| REYNOSO, et. al., | |
| | (Doc.16) |
| Defendants. | |

## I. Screening Order(s)

James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 27, 2004. Doc. 1. On April 12, 2006, the Court entered an order dismissing the complaint with leave to amend. Doc. 10. Subsequent to extension, plaintiff filed his first amended complaint on July 24, 2006. Doc. 16.

### A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  Summary of Plaintiff's First Amended Complaint**

Plaintiff is a state prisoner incarcerated at the California Department of Corrections Rehabilitation at Corcoran State Prison in Corcoran, California ("CSPC"). Plaintiff names the following defendants in his First Amended Complaint: Derral Adams (Warden of CSPC); Lieutenant (then Sergeant) F. Reynoso; Sergeant J. Martinez; Sergeant (then Correctional Officer) M. McVay; Captain (then Acting Captain) C. Rodriguez, and Correctional Officers Costillo, F. Castillo, K. Edmunds, M. Martinez, R. Sloss, M. Alaniz, and Montanez. Plaintiff is suing these defendants in their official and individual capacities. Plaintiff seeks declaratory and monetary damages. For clarity, the Court refers to all defendants in positions occupied on the date of incident.

Plaintiff's claims arise from an incident which occurred on November 10, 2003 when he was returned to his cell (prior whereabouts unstated) to discover personal belongings had been removed and the remaining contents of his cell had been ransacked. Plaintiff attempted to gain staff attention and was heard, but not responded to. Plaintiff then obstructed a portion of the view into his cell so as to gain a response. Sgt. F. Reynoso came to plaintiff's cell door and refused plaintiff's request to speak to higher ranking staff. Plaintiff subsequently again obstructed the view into his cell. Sgt. F. Reynoso returned and requested plaintiff to "cuff up"

for removal of plaintiff's remaining property, which was refused.  Plaintiff requested, and was denied, opportunity to speak with higher ranking staff.  Sgt. F. Reynoso became enraged and, over the next 25-45 minutes, repeatedly attacked plaintiff with pepper spray.  Sgt. F. Reynoso requested those serving under him to join in rushing plaintiff's cell.  Sgt. F. Reynoso then directed C.O. Montanez to electronically open plaintiff's cell.  C.O. Montanez complied.  Thereafter Sgt. F. Reynoso, C.O. McVay, C.O. M. Martinez, C.O. R. Sloss, C.O. K. Edmonds, and C.O. Costillo rushed into plaintiff's cell and punched him until he was pinned down.  Once pinned down, Sgt. F. Reynoso struck plaintiff's head with a pepper spray MK-9 cannister – necessitating thirteen stitches.  While handcuffed, all six defendants repeatedly hit and kicked plaintiff.  The six defendants became tired.  C.O. McVay ended the encounter by kicking plaintiff in the lower back and stating "[t]his is what we do to ass-holes."  Captain Rodriguez signed off on the incident despite knowing that the use of force was excessive and not within C.D.C.R. guidelines.  Plaintiff continued to receive treatment for his injuries from the incident through the date he filed his first amended complaint.

**C. Claim(s) for Relief**

*1. Linkage Requirement*

In the Court's prior screening order, plaintiff was advised that the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has failed to link defendants Warden Adams, C.O. F. Castillo, and C.O. M. Alaniz to any acts or omissions giving rise to a constitutional violation. Thus, plaintiff's claims against these three defendants are subject to dismissal with prejudice.

### 2. Excessive Force

The use of excessive force by a prison official violates the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an Eighth Amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff has stated cognizable claims for use of excessive force against Sgt. Reynoso, and C.O.'s McVay, Martinez, Sloss, Edmonds, and Costillo for their actions on November 10, 2003 – to wit: repeated pepper spraying by Sgt. Reynoso; rushing in and beating plaintiff to the ground for handcuffing by all; and repeated punching and kicking plaintiff by all (and hitting on the head with a pepper-spray can by Sgt. Reynoso) while he was on the floor handcuffed.

Electronically opening the door to plaintiff's cell, in response to Sgt. Reynoso's order to do so, does not rise to the level of an unconstitutional use of excessive force by C.O. Montanez. Thus, plaintiff's claim against C.O. Montanez is subject to dismissal with prejudice. There is no cognizable claim regarding C.O. McVay's statement "this is what we do to ass-holes" as mere verbal harassment or abuse, including the use of racial epithets, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 3. Property Deprivation

The Court notes that plaintiff makes passing reference to property having been removed from his cell. Plaintiff fails to indicate which defendants he feels removed his property, and whether there was any basis for the removal.

The United States Supreme Court has held that "[a]n unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Therefore, plaintiff's allegation that property had been removed from his cell does not give rise to a claim for relief under the Due Process Clause of the Fourteenth Amendment. All such claims are subject to dismissal with prejudice.

### 4. Due Process and/or Inmate Appeals

Plaintiff appears to challenge Captain Rodriguez's signing a form indicating that the excessive use of force was justifiable when "he knew it was not." Doc. 16, pg. 5. Plaintiff fails to indicate any consequences/injuries resulting from Captain Rodriguez's alleged actions, or

1 whether he was subject to a Rules Violation Report from the incident. However, under either
2 scenairo, plaintiff would not be able to state a cognizable claim against Captain Rodriguez.

3 The Due Process Clause protects prisoners from being deprived of life, liberty, or
4 property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to
5 state a cause of action for deprivation of procedural due process, a plaintiff must first establish
6 the existence of a liberty interest for which the protection is sought. The Due Process Clause
7 itself does not confer on inmates a liberty interest in being confined in the general prison
8 population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin
9 v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held
10 that states created protectable liberty interests by way of mandatory language in prison
11 regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a
12 liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the
13 Court held that liberty interests created by prison regulations are limited to freedom from
14 restraint which "imposes atypical and significant hardship on the inmate in relation to the
15 ordinary incidents of prison life." Id. at 484.

16 "[A prison] grievance procedure is a procedural right only, it does not confer any
17 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
18 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
19 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
20 entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
21 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
22 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest
23 requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.
24 DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
25 Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under
26 a § 1983 action. Buckley, 997 F.2d at 495.

27 Whether Captain Rodriguez's actions caused plaintiff to be placed in administrative
28 segregation, or were in response to a prisoner grievance filed by plaintiff on the issue is of little

6

consequence as even in the light most favorable to plaintiff, Captain Rodriguez's signing a form does not rise to the level of a violation of plaintiff's constitutional rights. Thus, plaintiff's claims against Captain Rodriguez are subject to dismissal with prejudice.

### 5. Supervisory Liability

The Court notes that Warden Adams is the only supervisorial defendant that plaintiff named in the caption and yet failed to mention in the implicating allegations.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff has failed to allege any facts to support a claim that Warden Adams: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff failed to make any allegations against Warden Adams. Warden Adams' name is found solely in the caption of the first amended complaint. Thus, plaintiff failed to state a cognizable claim such that all of plaintiff's claims against Warden Adams are subject to dismissal with prejudice.

### 6. Official Capacity

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Thus, damages claims against the defendants in their official capacities are not

cognizable and must be dismissed from the action.

## II. FINDINGS and RECOMMENDATION

The Court finds that plaintiff's first amended complaint states cognizable claims for relief against defendants Sgt. Reynoso, and C.O.'s McVay, Martinez, Sloss, Edmonds, and Costillo for use of excessive force.

Plaintiff's first amended complaint does not state any claims against any other defendants.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's first amended complaint filed on July 24, 2006, against defendants Sgt. Reynoso, C.O. McVay, C.O. Martinez, C.O. Sloss, C.O. Edmonds, and C.O. Costillo for use of excessive force;

2. Plaintiff's claims for violation of his constitutional rights against: (1) C.O. Montanez for electronically opening the door to plaintiff's cell, in response to Sgt. Reynoso's order to do so; (2) unspecified defendants he feels removed property from his cell; (3) Captain Rodriguez for signing a form regarding the November 10, 2003 incident; (4) Warden Adams for supervisorial liability; and (5) defendants in their official capacities, be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983; and

3. Named defendants Warden Derral Adams, C.O. F. Castillo, and C.O. M. Alaniz be dismissed with prejudice based on plaintiff's failure to state any factual allegations, and thus failure to state any cognizable claim(s) upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. Martinez
2 v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

7 **Dated:   April 16, 2008**                              /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE