UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>REYNOSO, et al.,<br><br>    Defendants. | 1:04-cv-06755-LJO-SMS-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(Doc. 28.)<br><br>ORDER AFFIRMING COURT'S ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 22.) |

Plaintiff, James L. Thompson ("plaintiff") is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On July 28, 2008, plaintiff filed a motion for reconsideration, which is now before the court. (Doc. 28.) Defendants have not filed an opposition.

**I.     MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D. C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

Plaintiff requests the District Judge to reconsider his order of June 9, 2008, which adopted the Magistrate Judge's findings and recommendations of April 16, 2008 in full. (Docs. 20, 22.) Specifically, plaintiff requests reconsideration of the ruling dismissing defendant Captain Rodriguez from this action for plaintiff's failure to state a cognizable claim against him.

1

1    In the operative amended complaint, plaintiff's only allegation against Captain Rodriguez was
2 that he signed a form indicating the use of force against plaintiff by other defendants was acceptable
3 under the California Department of Corrections and Rehabilitation's guidelines, even though Captain
4 Rodriguez knew it was not acceptable.  In the findings and recommendations of April 16, 2008, the
5 Magistrate Judge found that plaintiff failed to state a claim against Captain Rodriguez because (1)
6 plaintiff failed to show any injury resulting from Captain Rodriguez' alleged actions, (2) even if plaintiff
7 had shown he was subject to a Rules Violation Report as a result of the excessive force incident at issue,
8 he would not be able to establish the existence of a liberty interest under due process, and (3) even in
9 the light most favorable to plaintiff, Captain Rodriguez' signing a form does not rise to the level of a
10 violation of plaintiff's constitutional rights.

11   Plaintiff now alleges that Captain Rodriguez was part of a conspiracy when he signed the form.
12 Plaintiff alleges that when he signed the form, Captain Rodriguez knew that defendants had not
13 videotaped the pepper spray incident at issue or sent a psychiatrist or psychologist to talk to plaintiff, in
14 violation of policy and procedure under California state law.  Plaintiff alleges that Captain Rodriguez
15 knew that defendants had conspired to cover up their actions, but he did nothing to stop the conspiracy.
16 42 U.S.C. § 1985; 42 U.S.C. § 1986.  Based on these new facts claimed to exist which were not shown
17 when the court adopted the Magistrate Judge's findings and recommendations, the court shall reconsider
18 its order.

19 **II.    CONSPIRACY**

20   In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege
21 [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los
22 Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d
23 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and
24 that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d
25 197, 200 (9th Cir. 1974).

26   A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of
27 the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting

28

United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff alleges that defendants were part of a conspiracy pursuant to 28 U.S.C. § 1985. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Under § 1986, "[E]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented."

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

///

///

3

In the amended complaint, plaintiff alleges that "[A]t all times mentioned in this complaint, the defendants acted jointly and in concert with each other."[1] However, in the amended complaint, as in the motion for reconsideration, plaintiff has not alleged any facts demonstrating proof of "'an agreement or meeting of the minds to violate constitutional rights." Further, plaintiff has not alleged facts demonstrating that defendants deprived him of equal protection with a racial or other class-based discriminatory animus behind their actions.  As such, plaintiff's complaint fails to state a claim for conspiracy for which relief can be granted under § 1983 or § 1985 against any of the defendants, including Captain Rodriguez.  Thus, the court does not find good cause at this time to modify its order adopting the Magistrate Judge's findings and recommendations.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED; and
2. The court's order of June 9, 2008, which adopted the Magistrate Judge's findings and recommendations of April 16, 2008, is AFFIRMED.

IT IS SO ORDERED.

**Dated:   February 11, 2009**             /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[1] Amended Complaint, p 3 ¶10.